The opinion of the Court was delivered at an adjourned term, m November.

Per Curiam.

This case presents two questions ; first, whether the paroi evidence offered by the tenant respecting the will, and rejected, was competent evidence ; and, secondly, whether there was sufficient evidence of seisin of the demand-ant to enable him to maintain this action.
It is clear, that, by our statute, no will devising land can be used as evidence in a court of common law, to prove the title of any person claiming under it, until it is proved and allowed in a court of probate. And this is a convenient rule of evidence. In England the practice is different. There a will is to be proved in a writ of entry, like a deed. A case respecting a will has been cited from Johnson’s Reports ; but the law of New York is like the English law, except that it allows a particular mode of perpetuating the evidence of a will. It does not exclude other evidence. This is not a new question, but one which is already well settled.[1]
The second question is one of more difficulty, ■—whether the demandant had seisin, or whether Elijah Shumway was an abater. In Smales v. Dale, Hob. 120, it is held, that the entry of one tenant in common, claiming all expressly, cannot dis possess his fellow, but that such entry shall be considered as made under the lawful title; and therefore a copartner, joint tenant or tenant in common, can never be disseised by his fel *119 iow, but by an actual ouster. In Co. Lit. 243 b, 473 b, however, it is said that a parcener may abate ; and we are of this opinion. Where a person enters generally, without making any declaration of his intention, the law presumes that he enters by his legal title ; but if he says that he enters to exclude others having the same title with himself, or if he does an act showing an intention to keep them out, he is an abater as much as a stranger would be. The doctrine in Hobart, therefore, is t > be received with some qualification. But the present case was decided rightly upon the evidence. Elijah Shumway was upon the land at the death of his father ; any declaration or act showing his intention to abate might have been given in evidence to the jury to disprove the demandant’s seisin ; but no such declaration or act of Elijah having been proved, his entry inured to all the heirs, and the verdict must remain.[1]
If a will can be found, it may be proved in the probate office at any time, in order to establish a title to real estate. It differs from an administration of personal property, which cannot be originally granted upon the estate of any person after twenty years from his decease.[2]

Judgment according to the verdict.

 Laughton v. Atkins, post, 549. In Massachusetts, whoever has a right to offer a will in evidence, or to make title under it, may insist on having it proved. Stebbins v. Lathrop, 4 Pick. 42. A codicil, fraudulently destroyed, may be established upon proof, by secondary evidence, of its contents Clark v. Wright, 3 Pick. 67.

 Ricard v. Williams, 7 Wheaton, 120; Carothers v. Dunning, 3 Serg. & R. 373; Clapp v. Bromaghan, 9 Cowen, 556.

 Mr Justice Jackson, at the argument, said there was a case in the county of Essex, perhaps thirty years ago, where it was found that the widow of a testator must hold land under the will, which had not been proved. The will was therefore carried to the probate office, but more than twenty years being elapsed since the death of the testator, the judge of probate refused to allow it; but upon an appeal the decision was reversed, as a will must be proved and allowed, in ordm to convey land.—Reporter.