WRIGHT *vs* SWAN.

1. No entry will create a legal title to lands, adverse to the go - vernment.

2. A purchaser of lands from the United States, before patent, has an inchoate legal title, which may be conveyed to a grantee of the purchaser, in the same manner as any other legal title, and the estate will be transferred by such conveyance.

Error to the Circuit court of Montgomery county. Trespass to try titles. At the March term of the aforesaid court, the defendant in error declared against the plaintiff, of a plea of trespass *vi et armis*, to try titles, &c., for that the defendant, theretofore, to wit, on the twenty-second day of December, eighteen hundred and thirty-five, broke and entered the close of plaintiff, situate, lying and being in the county aforesaid, and known and described as follows, to wit: The East half of the North-east quarter of section ten, in township fifteen, of range nineteen, containing seventy-nine acres and seventy-five hundredths of an acre, and then and there ejected, expelled, amoved, and put out said plaintiff from the close aforesaid, and had, ever since, kept possession of the same, and had ejected, expelled, amoved, put out and dismissed the said plaintiff, from the said land, whereunto he claimed title—to the damage of plaintiff, &c., who sued as well to recover possession of said close, and to try title thereto, as to recover damages for the detention, &c.

And for that, whereas, said plaintiff, theretofore, to wit, on the twenty-second day of December, eighteen

hundred and thirty-five, was seized and possessed of a certain close, situate in the county aforesaid, in his demesne as of fee, which said close was known as the East half, &c.   And that defendant afterwards, to wit, on the day and year aforesaid, with force and arms, at the county aforesaid, broke and entered said close, and expelled and ejected, &c., and had since kept and detained possession, and had received the rents and profits, &c.

The defendant plead not guilty, and suggested that next before the issual of the plaintiff's writ, for three years, he had been in the undisturbed and adverse possession of the premises, in the declaration mentioned, and had erected permanent and valuable improvements on the same; and prayed that the value of the same might be assessed, and allowed, under the statute in such case made and provided.

The plaintiff took issue on the first plea; and replied to the suggestion, and second plea, that the title of the plaintiff was derived from one who derived title from the United States; and that defendant ought not to be allowed for any improvement made on the land described.

To this replication, there was a general demurrer.

And on a day certain, the parties came, and the demurrer of the defendant to plaintiff's replication, was heard and understood by the court, and sustained; and thereupon, came a jury, who, on their oaths, said they found for the plaintiff, the premises, described in the declaration, and that the defendant was guilty of the trespass,—and assessed the plaintiff's damages at forty-five dollars.   It was, therefore, considered by the court, that the plaintiff have a writ to obtain possession of the premises, and that he recover of the defendant the damages, assessed, &c., together with his costs in that behalf expended.

The bill of exceptions stated, that, upon the trial of the cause, the plaintiff offered, in evidence, the receipt

of the receiver of the land office, at Cahawba, shewing, that for the lands in the declaration mentioned, in January, eighteen hundred and thirty-five, Richard Norton had paid the purchase money required by law, for said lands,—and that certificate was given of that fact. Plaintiff further introduced a deed from Richard Norton to plaintiff, dated the fourteenth day of December, eighteen hundred and thirty-five. No objection was taken to the form of either instrument. The deed conveyed the lands to the plaintiff. Plaintiff then proved a demand by plaintiff, of defendant, for the lands, in December, eighteen hundred and thirty-five, before suit brought; and an admission by defendant, that he was in possession at that time, and would never give up until compelled by a jury of the country. Plaintiff also proved the value of the rent.

Defendant then proved that he had been in possession of the lands for four or five years—had constantly been so, during all that time—had opened twelve or fifteen acres, and fenced the same; and that there was a fodder-house upon the lands, erected by defendant: That he had gathered crops each year, and that his plantation was contiguous to it.

Upon this, the court charged, that the plaintiff having derived the title from Norton, who entered the land at the office, at Cahawba, if demand was made of defendant, and he admitted he was in possession, at the time of suit brought, and they proved the land to be in Montgomery county, they ought to find for the plaintiff.

The court refused to charge the jury, that if they believed, from the testimony, the land claimed, was in possession of defendant, at the time the deed, under which plaintiff claimed, was executed, by Norton to the plaintiff, the deed was void, and the plaintiff not entitled to recover. To which defendant excepted.

And at this present term, plaintiff in error came, and said there was error, in this, that at the time the

lands sued for, were purchased by the vendor of the plaintiff, the defendant was in possession of the same, and ever since had remained in possession; and whilst defendant was so in possession, plaintiff could not purchase, nor could the vendor convey a title that would enable plaintiff to recover the same, without the consent of defendant.

*Dargan*, for plaintiff in error.
*Thorington*, contra.

*R. D. Thorington*, for defendant in error, submitted the following points of inquiry :—

1. Could the suit be maintained in the name of the assignee of a register's certificate?

2. Was the certificate sufficient evidence to support the legal title set out in the declaration?

3. Must the party conveying, have actual possession of the premises, to render the conveyance valid?

And—

4. Does the rule apply to a purchaser from the United States against a mere trespasser?

He cited, Aik. Dig. 283, 94 ; 2 Porter, 437 ; *Bullock vs Wilson*, 3 ib. 363 ; *Goodlet vs Smithson*, 5 Porter, 245 ; *Barr vs Gratz*, 4 Wheat. 221, 222; *Hallet vs Eslava et al.* 2 Stew. 115 ; *Green vs Jeter et al.* 8 Cr. 244, 246, 247 ; *Hilton's lessee vs Brown*, 1 Wash. C. C. Rep. 204; *Waldens vs Heirs of Gratz*, 1 Wheat. 292; Cox's Digest, 555, New Jersey case.   2 Bibb, 412 ; 2 Littell, 390, *Aldridge vs Kincaid;* 5 Peters, 493 ; *Walden vs Gratz's heirs*, 2 Wheat. 295; *Kirk vs Smith*, 9 ib. 241; *Gatewood vs Head*, 2 Lit. 61 ; *Jackson vs Waters*, 12 Johns. Rep. 365 ; *Stoever vs Whitman*, 6 Binn. 420 ; 9 Johns. R. 167, and note *a ; Brandt vs Ogden*, 1 ib. 156.

GOLDTHWAITE, J.—This was an action of trespass, instituted in the Circuit Court of Montgo-

mery county, to recover the tract of land described in the declaration, under the statute to try titles ; and the plaintiff in the court below having obtained a judgment, the defendant now prosecutes this writ of error.

From the bill of exceptions, which was taken on the trial in the Circuit court, it appears that one Norton, in January, one thousand eight hundred and thirty-five, entered the land in controversy, at the proper land office, and received a certificate of final payment. On the fourteenth of December, of the same year, Norton conveyed the land to the plaintiff. The action was commenced in February, one thousand eight hundred and thirty-six, and the defendant admitted he had possession when the suit was instituted: On this evidence, the plaintiff rested his case.

The defendant produced no paper title, but proved that he had been in possession of the land, for four or five years, and had made valuable improvements on the land. The Circuit court charged the jury that the title thus shewn in evidence by the plaintiff, was sufficient to enable him to recover the land in this form of action, and refused to charge the jury that the deed from Norton, under which the plaintiff claimed, was void and inoperative, because of the possession of the land by the defendant at the time of its execution.

In the case of *Goodlet vs. Smithson,*[*] decided at this term, this court recognized the principle, that a purchaser from the United States, had before patent an inchoate legal title which could be sold under an execution at law. The principle of this decision applies with equal force to the present case. The title thus acquired may be conveyed to the grantee of the purchaser, in the same manner as any other legal

*5 Porter, 245.

title, and the estate will be transferred by such conveyance.

But another question is presented by the record in this case, of some importance. It is insisted, that although the purchaser from the United States, might be entitled to institute a suit for the recovery of the land, yet inasmuch as the defendant was in possession at the time of the conveyance to the plaintiff, the deed to him, for this reason, was inoperative, and passed no estate.

Waiving an examination of the question, how far an adverse possession will render a deed inoperative from one out of possession, until a case shall be before us, presenting it directly, we will consider if the defendant in this action, has shewn himself entitled to insist on such a defence.

There can be no entry which will create a title adverse to the government;* and it is shewn that at the time the defendant entered the land it was a part of the unsold public lands. It is also necessary, to constitute an adverse possession, that it shall be under color of title. It is not essential, that the title be good: indeed no matter how defective, the result is still the same: no question arises in which its strength requires to be examined.—*Smith vs Burtis;†* *Jackson vs Waters.‡*

In this case the defendant does not attempt to defend himself by virtue of any title or under color of title, and the grant from the United States, under which the plaintiff claims, is recent. To hold that the defendant is authorised in such a case, to defend against one claiming mediately or immediately from

---

*17 Viner, 176—1 Burr, 109.    †9 Johns. 174.    ‡12 Ib. 365.

the government, would be subversive of well settled and established principles,—*Jackson vs Bonnell et al:** *Small vs Procter:*† *See also.*‡

The judgment must be affirmed.

3. A justice of the peace; who is a witness in a cause, may be asked whether he has had any particular case before him, but may not speak of the papers connected with the suit, unless they are produced.

———

*9 Johns. 162—2 Caines, 183          †15 Mass. 495
          ‡2 Seargt. & Rawle, 565.