ADDISON,
*January,*
1839.

JARED B. BOOTH *v.* HIRAM ADAMS, *et al.*

If a township be granted to any number of persons as tenants in common, and a severance, in fact, among most of the proprietors, be made of a portion of the land, and this division acquiesced in for more than fifteen years, it becomes valid in law, although not made in conformity with the requisitions of the statutes.

In such case, the remaining portion of the township is common land.

One tenant in common of land cannot maintain trespass against his co-tenant unless he is expelled from or hindered in the enjoyment of the premises.

THIS was an action of trespass, for cutting down and carrying away plaintiff's grass, and removing his rails.

On the trial in the county court, the plaintiff introduced testimony tending to show, that, at the time the trespass was alleged to have been committed, he was in possession of a fifty acre lot in the town of Addison, on which were the rails, made up into fence, and the grass in question; and that he had for five or six years previous to that time possessed and occupied said lot, *claiming it as his own;* that he had enclosed the whole lot by a good fence, and had made a division fence across the whole lot, previously to the time of said trespass.

The plaintiff further introduced testimony tending to show that the defendant cut down and carried away the grass and hay, and took and carried away the rails.

The defendants then introduced testimony tending to show, that in cutting and taking away the grass, hay, and rails, as alleged, they were the hired men of Friend Adams, and did it by his direction, and then showed that said Friend Adams was the owner of the undivided lands in said Addison that belonged to the original right or proprietary share of Joseph Blanchard, and also a vote of the proprietors, and a survey or pitch, in 1784, of the land in question, to that right.

The court decided that Adams, being a tenant in common with the proprietors of the undivided lands in Addison, the plaintiff could not maintain his action without showing that he was the owner of the lot in question, or that it was separated from the common and undivided land by some previous division.

The plaintiff then showed title in Samuel B. Booth, under whom plaintiff claimed, to the right of Isaac Spencer, an origi-

nal proprietor in said town. This was admitted by defendants.

The plaintiff then offered to show, by the proprietors' records of said Addison, a division made by the proprietors, in 1784, of 160 acres to each right, each proprietor to survey or pitch for himself, the order in which he should pitch being determined by draft; that the records showed a division made soon after 1784, in this way, of 160 acres, with the survey of each lot recorded at length in the proprietors' records, to all the rights in said town, except to the right of Isaac Spencer; that on the 1st of June, 1830, said Samuel B. Booth caused the 160 acres of the right of Isaac Spencer to be laid, and that this 50 acres was a part of the 160, and recorded the survey thereof in the proprietors' records.

The court decided that this division, by each proprietor pitching his lot, was not in conformity to law, and could not be admitted as a legal division.

Plaintiff then offered the records as evidence of a division *in fact*, and further offered testimony to show that the town had been settled, and all the lands holden under this division, and these records and proceedings of the proprietors were the only evidence of such division, and had been always referred to by the land owners as evidence of the location of their respective lots. This was rejected by the court.

The court then decided, that if the jury should find from the evidence admitted, that the plaintiff and defendant were tenants in common of the undivided lands in Addison, and this lot a part of the undivided land, the plaintiff could not maintain this action, and thereupon a verdict, by consent, was taken for the defendant.

To which several decisions of the court the plaintiff excepted.

*H. Seymour* and *P. C. Tucker,* for plaintiff.

The plaintiff relies upon the following points:

1. That the lot of land of which he was in possession was severed to the second division of Isaac Spencer, and that his title under that severance is good and valid in law. It is admitted that the division itself, as originally made by the proprietors, was not a legal one; but it is contended that evidence was admissible, to show a division in fact, and that

acquiescence in said division perfected plaintiff's title to the premises. The evidence offered was the records themselves, and parol proof that such division had been made and acquiesced in by the proprietors and those holding under them from a period near the year 1784. *Wells, et al.* v. *Brewster.* D. Chip. R. 147, *Stevens' Administrator* v. *Griffith*, 3 Vt. R. 448. *Hodges' Executor*, v. *Parker*, Brayton's R. 54.— *Woodbridge* v. *Proprietors of Addison*, 6 Vt. R. 204.— *Hart* v. *Gage*, id. 170. *Abbott*, v. *Mills*, 3 do. 521.

If it be said that although the division of Isaac Spencer, offered to be shown by the plaintiff, was made in 1784, yet that the laying out of this particular lot by Spencer's legal representative was not done until June 1, 1830, we reply that the decisions go to the division itself, *as such*, and not to any particular lot in the division, and that if they apply to one lot they apply to all, without reference to the particular time when the survey and severance took place.

If the principles here relied on are correct, then it follows that Friend Adams is a stranger to the title under which the defendants, as his agents, entered the premises and committed the trespass complained of, and the action is legally sustained against them.

It is admitted that the proprietors of undivided lands have been holden to be tenants in common, and that, as a general rule, one tenant in common cannot maintain an action of ejectment or trespass against his co-tenant; yet one tenant may maintain ejectment or trespass against his co-tenant in case of an ouster, or where he is kept out of possession and his title denied, or where he is disturbed in his right as tenant in common, by having his cattle driven out, or is prevented from making such erections on the premises as are required for the convenient use and enjoyment of the common property.

" If two tenants in common be of a folding, and the one of them disturb the other to erect hurdles, he shall have an action of *quare vi et armis* for the disturbance." 1 Coke upon Lit. 200. 1 Fitzherbert's *Natura Brevium*, 91. 1 Chitty's Pleadings, 181. 4 Kent's Com .365, 366. 16 Mass. R. 1. 12 Johns. R. 484.

In the present case, both parties claimed title to the land, and neither admitted the tenancy in common. In the opinion

of the court, both failed to show a right in severalty, but both showed a title in common. Now, the plaintiff, by taking possession of and improving the land and sowing a part of it to grass, and making meadow, did no more than he, as tenant in common, had a right to do. The defendants' principal might have done the same; but in removing the fence and taking the crop of grass, the defendants took from plaintiff the product of his labor, and that which, as tenant in common, he had a right to possess and enjoy. If the plaintiff is deprived of this, he has no other remedy.

*S. S. Phelps* and *E. D. Woodbridge*, for defendants.

Two questions only are raised in this case.

*First.* Whether the plaintiff's evidence should have been received for the purpose of showing title in severalty to the land in question.

*Secondly.* Whether he can recover without showing such title.

I. The evidence offered, for the purpose of showing title in severalty, consisted of a survey made under an ancient vote of the proprietors, which survey was made in the year 1830.

The objections to this evidence are

1. That no law existed authorizing a division among proprietors in this way.

2. The proceeding was irregular, as the survey and allotment were not made under the direction of the committee appointed for that purpose, as required by the vote.

3. It was not made in season, but some forty years after the vote, and after the committee had deceased.

4. Proving a general acquiescence in the division anciently made under that vote, would not aid this recent and irregular proceeding.

II. Admitting S. B. Booth to have been a proprietor, his deed to the plaintiff, of this specific land, would not make the latter a proprietor.

If it did, then both parties, being proprietors, were tenants in common, and neither can maintain *trespass* against the other.

The opinion of the court was delivered by

REDFIELD, J.—A division of common land among the proprietors, however informal, if acquiesced in for fifteen years, has always been considered, in this state, equivalent to a le-

gal division.   But this must be a  division in fact of the land, either  by visible lines and monuments, or by  possession under  a claim of distinct and clearly defined parcels.   No length of time of acquiescence, in an *agreement* to hold in a  certain manner,  has yet been holden binding upon the proprietors, unless there had, in fact, been a division of the land.

Hence, the severance to all the rights in the town of Addison, which was, in fact, made at the early date, named in the bill of exceptions, has been so long acquiesced in that it is now binding upon all concerned.   But the severance, which the plaintiff undertook to make  to the  right  of Isaac Spencer, not being made in the manner required by law, and of so recent a date, can have no effect.   If the  plaintiff  recover, it must be by virtue of his possession and right,  as tenant in common with the defendant.    There does not seem to have been any agreement, on the part of the other tenants, to permit the plaintiff to occupy  the  premises  in controversy.   If there had been, he might maintain trespass against them for the same acts, which would constitute trespass in a  stranger. *Keay* v. *Goodwin*, 16 Mass. R. 1.

But one tenant  in  common of land cannot maintain trespass against his co-tenant, unless he is expelled from the common estate  or  deprived of  the common enjoyment.   When ejectment has been  brought and  sustained,  trespass will lie for *mesne profits.* 3  Wils. R. 118.  But for a  mere entry upon the land, without an ouster, trespass will not lie. Co. Litt. 323. 1 Salk. 4.   Coke Litt. 189.   In short, any act of the co-tenant, which might be referred to his right, as gathering in crops, cutting trees fit to cut, or  removing  fences, as in the present case, is not the ground of  such action, even  on  the part  of him  who sowed the crop or erected the fence.   Perhaps the actual destruction of  permanent erections might merit a different consideration.   *Martin* v. *Knowllys,* 8 Term. R. 145. *Waterman* v. *Soper,* 1 Ld. Raymond's R. 737. If one tenant in common  of  lands hinder the other from entering to erect hurdles,  it is said the other may  bring trespass.   Coke Litt. 200.   There being  nothing  in  this  case  amounting  to an expulsion or hindering of plaintiff in his possession,

Judgment is affirmed.