BETSEY CARPENTER v. EPHRAIM THAYER, JOEL NUTTING, and RUFUS HUTCHINSON.

An assertion, by a joint owner of land, of an exclusive title to the whole, and a contracting to sell the whole, are evidence of an *adverse* possession, and such an ouster as to enable the co-tenant to maintain ejectment.

The supreme court will not revise the action of a county court, upon their own rules.

THIS was an action of ejectment for Lot No. 10, in the 3d division in Braintree. On trial, the plaintiff showed title to one undivided tenth part of said lot, and that the defendants were in possession. The defendants showed that said Hutchinson held, by quit claim deed of the whole lot, from one owning one undivided fifth part of said lot, and that the other defendants were in possession under Hutchinson. The plaintiff gave evidence tending to prove, that one Riford, claiming to be agent for the plaintiff, called on Hutchinson and requested to have the plaintiff let into possession of her share, which Hutchinson refused, claiming to hold the whole lot in severalty as sole owner ; that W. Nutting, attorney for the plaintiff, called on the other defendants on the lot, and claimed to have the plaintiff let into possession as tenant in common, which they declined, claiming the whole lot in severalty, under Hutchinson, on a contract for purchase.

Among the plaintiff's testimony was the deposition of A. Putnam, which had been read at the former trial of the cause under a written agreement of the parties, not limiting its use to one trial, but had not been left in the files of the court. To this deposition there was objection, and an offer to prove by the testimony of Hutchinson, that he understood that he agreed only to its admission for one term. The court admitted the deposition.

The defendants requested the court to charge the jury,

that the plaintiff could not recover, without proof that plain- *ORANGE, March, 1843.* tiff's agent had full authority to demand possession ; nor un- less the demand was in writing. The court refused so to *Carpenter v.* charge; but did charge, that, if the defendants were in pos- *Thayer et al.* session, claiming the whole lot, in severalty, adverse to all others, sufficient demand was proved ; to which decision the defendants excepted.

*E. Weston* and *L. B. Vilas*, for defendants.

The defendants contend that the county court erred, —

1. In the charge to the jury. The demand to be let in, should have been in writing, and the defendants claiming to own the whole lot in severalty, when inquired of by a stran- ger to the title, having no written power from the plaintiff, did not dispense with a regular demand to be let in.

2. In admitting the deposition of A. Putnam. An agree- ment to use an informal paper, extends, only, to the term. From the plaintiff's not leaving the deposition on file, the defendant had a right to presume that it was withdrawn, and would never be used in the case ; and the offering of it was as much a surprise as though the defendants had never heard of it.

*W. Nutting*, for plaintiff.

The defendant excepts to the decision of the county court in admitting the deposition of Putnam, 1st, because it had not been kept in the files of the court during the preceding vacation ; and, 2nd, because he had offered to prove, by R. Hutchinson, that he agreed to its admission for one term, only. We have no *law* requiring depositions to be left on file after they have been once used. They are, on common law principles, the property of the party using them, and as much under his control, as his deeds, bonds, notes, or other paper evidence which he uses in support of his action. Our county court has adopted a *rule*, that a deposition, after hav- ing been used in a cause, shall be " lodged with the clerk, and remain in his office." But there is a wide difference between a *rule of court, and the law of the land.* The lat- ter is imperative upon our courts, and they must enforce it ; while the former is a creature of their own, and subject to their control.

The second objection to the deposition was, that defend- ants " offered to prove by Hutchinson " (defendant,) " that he understood he agreed to its admission for one term. " To this it need only be replied — 1st. The witness was incom- petent; and, 2nd — That his offer was to alter, vary and contravene a written agreement by parol evidence.

The defendant excepts to the charge of the court, " that, if the defendants were in possession, claiming the whole lot in severalty, adverse to all others, sufficient demand was proved. No notice to quit, or demand to be let in, which is the same thing, is necessary, except in those cases where the defendant is, in some sense, tenant to, or holding under, the plaintiff. When, therefore, the defendant acknowledges no tenancy, but claims, and holds, adverse to the plaintiff, he is not entitled to notice. 2. Bl. Com. 247, n. 3 ;, *Clapp, Ad'r v. Beardsley,* 1 Vt. R. 151 ( p. 168, ) ; *Catlin* v. *Wash- burn,* 3 Vt. R. 25, ( p. 40. )

The opinion of the court was delivered by

Royce, J. — It was proved, on trial, that the plaintiff owned but one undivided tenth part of the land sued for, and that the defendants, Thayer and Nutting, were in pos- session of the whole lot, under the other defendant, Hutch- inson. It, also, appeared that Hutchinson had a title to an undivided fifth part of the lot. The plaintiff and Hutchinson were thus shown to be tenants in common ; and the other defendants, being in under Hutchinson, and, therefore enti- tled to stand upon his right, were, also, in effect, tenants in common with the plaintiff, to the extent of Hutchinson's title. Under these circumstances it became necessary for the plain- tiff to show, that she had been disseized or ousted by the de- fendants, before the bringing of this suit ; since her only right was to enjoy the premises in common with them. And the principal question in the case arises upon the evidence, re- ceived at the trial, to prove such an ouster.

It is contended that what transpired between the defend- ants and the plaintiff's professed agents, Riford and Wm. Nutting, was not admissible evidence for this purpose, with- out proof of an express, and even written authority to those two persons, to act for the plaintiff in that behalf. This is assuming that in a case of this kind, an ouster can be proved

by nothing short of an actual denial of possession when demanded, made to the co-tenant, or to some duly authorized agent. But this is a much stronger proposition than the authorities appear to warrant. As co-tenants have a community of interest, the possession and pernancy of profits, by one alone, is usually presumed to be in the right of all. In this respect it differs, greatly, from the unlicensed entry and possession of a stranger. Hence the ancient, and still subsisting, rule of law, that, to entitle one co-tenant to support ejectment against another, an *actual ouster* must be shown. And it was once supposed that this rule could only be satisfied by the strongest evidence, — something little short of an actual turning out by force. But this strictness was, long since, relaxed, and the rule has been applied in a more comprehensive sense. Thus it was said by Willes, J. in *Fisher* v. *Prosser*, 1 Cowp. R. 219, — "However strict the notion of an *actual ouster* may have formerly been, I think adverse possession is, now, evidence of an *actual ouster.*" This is the substance of all the modern decisions. An *actual ouster* is still to be made out; but it may, and should be, found, upon satisfactory evidence, of an adverse possession. The hostile character of the possession may be evinced in various ways. It will not be inferred from *exclusive* possession, merely, unless it has been of very long continuance, and attended, as in the case just cited from Cowper, with circumstances excluding all probability of assent or understanding on the part of the other owners. *Catlin* v. *Kidder*, 7 Vt. R. 15. But with this exception, (and even this does not generally hold between the charter-grantees of a township, *Vt. University* v. *Reynolds*, 3 Vt. R. 542,) the evidence is the same as in other cases of adverse possession. *Pomeroy* v. *Mills*, 3 Vt. R. 415; *Higbee* v. *Rice*, 5 Mass. R. 344; *Cummings* v. *Wyman*, 10 Mass. R. 464; *Barnard* v. *Pope*, 14 Mass. R. 434; *Chapman* v. *Gray*, 15 Mass. R. 439; *Brown* v. *Wood*, 17 Mass. R. 68; *Shumway* v. *Holbrook*, 18 Mass. R. 114; *Clark* v. *Vaughan*, 3 Conn. R. 191; *Giddings* v. *Canfield*, 4 Conn. R. 488; *Allyn* v. *Mather*, 9 Conn. R. 128; 14 Vin. Ab. 512. There can be no doubt that the evidence in the present case was sufficient to bring it fully within the doctrine of the authorities here cited. Although the deed to Hutchinson, being but a quit-

claim of the grantor's right, was not, of itself, evidence of any pretension, on the part of Hutchinson, adverse to the interests of the other co-tenants, ( 7 Vt. R. as before cited ) ; yet he proceeded to exercise the rights of sole owner.   In that character he contracted to sell and convey the whole lot to the other defendants, and asserted an exclusive claim and title to the whole, when applied to by Riford.   And the other defendants vindicated themselves under this assumed title of Hutchinson, in repelling the request made to them in behalf of the plaintiff.   We have no occasion, then, to inquire as to the precise authority with which Riford and Nutting were invested.   For admitting that they acted without authority, the declarations then made were, nevertheless, evidence to characterize the possession, which, upon all the showing, was unequivocally adverse to the plaintiff's right. The exception taken to the charge of the judge is, therefore, unsupported.

Little need be said in reference to the other exception. If the deposition of Putnam was withdrawn from the files in violation of any rule of the county court, that rule is not brought before us ; nor are we authorized, when sitting as a court of error, to reverse the action of that court upon their own discretionary rules.   The deposition had been received in evidence at the preceding term, under a written agreement of the parties, not limited in its terms, to any one trial, and containing a mutual waiver of all exceptions to the deposition, on account of informalities.   And it is clear that neither of the parties could become a witness, unless by mutual consent, to testify whether the agreement was to extend to more than one trial.

Judgment of the county court affirmed.