## DEXTER AND ALLEN v. NELSON.

1. A conveyance of land, by one against whom the land conveyed was held ad-
versely by claim of title, is void.

ERROR to the Circuit Court of Montgomery.

Trespass to try title to a lot in the town of Montgomery, by
the plaintiffs against the defendant. It appearing that the defend-
ant was tenant to one Dargan, the latter was permitted to de-
fend.

Upon the trial, the plaintiffs produced a patent from the United
States for one hundred and sixty acres of land, which, it was ad-
mitted, embraced the *locus in quo,* which issued to John Falco-
ner; and, also, produced, and proved, a deed from Falconer to
them for the premises sued for; and, having proved the trespass
and damage, rested.

The defendant then proved, that, previous to the execution of
the conveyance from Falconer to the plaintiffs, he was the owner
and in possession of the premises sued for, holding adversely to
Falconer by a deed from one Stewart.

The court charged the jury, that if Dargan, by his tenant, was

in the adverse possession of the lot previous to the conveyance by Falconer to the plaintiffs, that such conveyance was void, and the plaintiffs could not recover.

The charge of the court is assigned for error.

WILLIAMS, for the plaintiffs in error. The rule, that lands held adversely cannot be sold, is not part.of the common law, but is founded on the statute, [32 Henry, 8,] and grew out of a state of society entirely different from ours. He cited 4th Kent's Com. 439; 1 Stew. 229.

GOLDTHWAITE, *contra*, to show that a conveyance by one out of possession, with an adverse possession against him, was void, cited 4th Kent, 441; 5 Pick. 348; 6 Mass. 418; 5 Johns. 489; 4 How. 13; 3 Litt. 20; 8th Cowen, 382, 589; 4 Mason, C. C. 326. The statute of uses merely dispenses with livery of *seizin*.

ORMOND, J.—Our first impression was, that the sale and conveyance of the land in this case was not void in consequence of the adverse possession of the defendant in error, as no statute similar to that of the 32 Henry 8, had been passed in this State. We are satisfied we were mistaken. The original simplicity of the common law admitted of no estate in lands which was not clothed with the immediate *seizin* and possession thereof. The ancient common-law mode of conveying lands was, by *livery of seizin*, and necessarily includes the idea of a sale of lands by one not in possession.

Lord Coke, commenting on the text of Littleton, *that no entry could be reserved to a stranger upon a feoffment*, says, "here Littleton reciteth one of the maxims of the common law, and the reason hereof is for avoiding maintenance, &c., and, therefore, nothing in action, entry or re-entry, could be granted over." [2 Thomas Coke, 99, 214, *a*.]

The statute, [32 Henry, 8,] and which has been re-enacted, substantially, in most of the States, was not passed for the purpose of making void sales of land where the land was held adversely to the vendor, but to punish the parties concerned in it; the penalty being the whole value of the land. In a decision upon this statute, Montague, Ch. Justice, says, "In this point, the statute has not altered the common law, for the common law

before the statute, was, that he who was out of possession, ought not to bargain, grant or let his title; and if he had done so, it should have been void; then the statute was made in affirmance of the common law,and not in alteration of it; and all that the statute has done is, it has added a greater penalty to that which was void by the common law before." [Partridge v. Strange & Croker, 1 Plowden, 88.]

It is unnecessary to add other citations, as it is clear that the deed offered in evidence by the plaintiff, being made by one not entitled to the possession, was void.

Let the judgment be affirmed.