## PRYOR & FISHER v. BUTLER.

1. A purchaser of a lot at a mortgage sale, where the lot had previously been sold under execution against the mortgagor, and the possession delivered by the sheriff to such purchaser, cannot transfer his title, so as to authorize his alienee to sue in his own name.

Error to the Circuit Court of Coosa.

This was an action of trespass to try title to a lot of land in Wetumpka.

The material facts as they appear upon a bill of exceptions are, that the plaintiff produced a patent for the lot in question from the United States, to one Fleming ; a deed from Fleming to Owen & Wright, which he proved by the subscribing witnesses thereto ; also a deed from Owen & Wright to Steber and Warren, which was duly acknowledged before a Circuit Judge, and recorded in Coosa county. The plaintiff then offered to read a mortgage, executed by Steber and Warren, on the lot in question, dated the 8th August, 1837, which was recorded upon an acknowledgement made the same day. The deed was recorded 31st October, 1837.

The plaintiff also proved the execution of the mortgage by the subscribing witnesses. It was given to secure the payment of three notes, due by Steber & Warren, to the Bank, dated 31st July, 1837, and due 26th July, 1838, 1839 and 1840. The mortgage contained a proviso, that if the notes were not punctually paid, it should be lawful for the President of the Bank to seize and sell the lot for the payment of the notes.

The plaintiff then read a resolution adopted by the directors of the Bank, authorizing the President to transfer the mortgage to Henry D. Bullard, and also read an assignment of the mortgage by the President, to Bullard, dated 2d August, 1841. He then proved, by the cashier of the Bank, that the notes of Steber & Warren were *bona 'fide* the property of the Bank; that the first was paid, 28th July, 1838; that the other two were paid 12th August, 1841, by four notes made by D. Steber, H. D. Bullard, and L. P. Butler, the last of which fell due 1st August, 1843. That the first three of the notes were paid in cash. That the notes of Steber & Warren were handed to the bank attorney, and put in judgment. He further proved, that the sheriff of Coosa county sold the lot in controversy, under execution against Steber & Warren, in favor of the -bank. That the proceeds were not paid to the bank, but an order given to pay the proceeds to Bullard. That the Bank sold the lot under the mortgage, in August, 1841, to Bullard, to pay the balance of the debt for which the mortgage was executed.

It was then proved that Bullard advertised and sold the lot to the plaintiff, for $125, and offered to read the deed of Bullard to the plaintiff for the same. The defendants objected, but the court overruled the objection and the deed was read.

The defendants then read a deed from the sheriff to one Tilman Leake, for the lot, which had been sold on a judgment obtained by the Bank against Steber & Warren, and a deed from Leake to J. W. Pryor, one of the defendants. They also read an order by the Cashier of the Bank, directing the sheriff to pay to Bullard the money in his hands, accruing from the sale of the lot upon the execution of the bank against Steber & Warren, and that by the direction of Bul-

lard, the money was paid to Steber. Steber & Warren were in possession of the house, when it was sold by the sheriff to Leake, in November, 1840, and at the sale, the sheriff declared that he sold subject to the mortgage, and sold only the interest of Steber & Warren. Pryor leased the lot from Leake and went into possession, and has been in possession ever since. Afterwards he purchased the lot from Leake, but was informed by Steber, before he purchased, of the mortgage in favor of the Bank.

The defendant moved the court to instruct the jury, that they should find for the defendant upon the evidence.

2. That if the judgment under which the sheriff sold the lot to Leake, was rendered upon any of the notes secured by the mortgage, and that Bullard received the proceeds of the sale, they should find for the defendant.

3. That if the judgment on the first note was paid, and judgments recovered on the others, before the mortgage was assigned to Bullard, they must find for the defendants.

4. If the defendants were in possession of the lot under their purchase from Leake, and claimed title to the same before, and at the time Bullard made his deed to the plaintiff, then they should find for the defendant.

5. That if they should believe all the facts in evidence, Butler, the plaintiff, has no title as against the defendants.

6. That Pryor was not affected by the notice to Leake, of the existence of the mortgage, if he was ignorant of it.

7. That Pryor was entitled to all the benefits under the sheriff's sale, that the bank or Bullard would have been, if they had purchased. The court refused all these charges, and the defendants excepted.

PRYOR, for the plaintiff in error, relied upon the refusal to give the fourth charge moved for, as decisive of the case, and declined to argue the other assignments of error. He contended, that the defendant being in possession, under the deed from Leake, a year before the deed of Bullard to the plaintiff was executed, it was the case of a sale, where there was an adverse possession, and that there could be no recovery. He cited 6 Ala. Rep. 68; 4 Conn. 439; 6 Metcalfe, 337.

SETH P. STORRS, contra, contended that the mortgage was recorded in time, but if it was not, the defendants purchased with notice. [2 Mass. 508; 6 Ib. 24; 3 Atk. 646; 16 Vesey, 419; 2 Dess. 254; 1 McCord, 265.]

Leake could convey no better title than he had himself. [1 Vern. 484; 2 Johns. 295.]

It does not appear, that the deed from the sheriff to Leake, or from him to Pryor, were recorded, whilst all the deeds relied on by the plaintiff were recorded. The deed first recorded must prevail at law. [5 B. & Ald. 142; 4 Johns. 216; 13 Id. 471; 4 Con. 605; 1 Bay. 304; 2 Id. 80, 251; 1 McCord, 114.]

The possession of Pryor was not an adverse possession, as he purchased with notice of the mortgage, and subject to it, and when the lot was sold by Bullard to the plaintiff, he was present, bid for the lot, and did not disclose his title.

ORMOND, J.—We do not consider it necessary, or proper, to examine any of the questions raised upon the record, except the one made by the fourth charge prayed for—that a conveyance of land is void, when the land is, at the time of the conveyance, held adversely by another. This was so decided by this court, in Dexter & Allen v. Nelson, 6 Ala. Rep. 68.

It is insisted here, that as Leake, and Pryor, had notice of the mortgage of the Bank upon the land, at the time of their purchase, their possession is not adverse, but consistent with the title derived under the mortgage. Leake purchased at a sale under execution, against Warren & Steber, the mortgagors, they being in possession at the time of the sale. Leake received the sheriff's deed, and went into possession, after which he sold and conveyed to Pryor, who went into possession, and has remained in possession ever since.

It may be conceded in this case, that neither Leake or Pryor, can resist a recovery, against a purchaser at the sale made under the mortgage, having by their purchase, acquired only the interest of the mortgagor, and therefore placed in the same condition that he would be in, if the action had been brought against him; but the admission will avail nothing here. The right acquired by Bullard, who purchased

at the sale made under the mortgage, was a right to recover the lot by suit, if the possession was in another, and the possession was withheld. This right to sue, he could not transfer to another. It is an ancient doctrine of the common law, "that nothing which lies in action, entry, or re-entry, can be granted over." [Thomas, Coke, Litt. 99, 214, a.] Here, when the sale was made by Bullard to the plaintiff, the possession was, and had been, for some time previous to the purchase by Bullard himself, in another, who was in, under claim, and by color of title. It is perfectly clear, therefore, that the claim of Bullard was merely in "entry," and this we have seen, he could not transfer to another.

The fact that Pryor was present at the sale to the plaintiff, bid himself for the land, and did not disclose his title, (if such was the fact,) does not vary the case. No question arises here about the defendant's title, whether it is good or bad, is a matter in which the plaintiff has no interest. It is at least a possession, and that is better than his, which has no legal validity at all.

This is decisive of the case. Let the judgment be reversed, and the cause remanded.