## ABERCROMBIE v. BALDWIN et als.

1. The possession of one tenant in common may become antagonistic, and exclusive, of a co-tenant, and will become so by an unequivocal, and notorious denial of the right of the co-tenant.

2. It is not indispensable to an adverse possession, that the title of the occupant be such as would be recognized. If it be colorable, and asserted

*bona fide*, it will be sufficient; and if he held adversely to his co-tenant, those claiming under him will also hold adversely.

Error to the Chancery Court of Macon. Before the Hon. D. G. Ligon.

THE bill in this case was filed by plaintiff in error, who claimed by deed from Nelson A. Crawford, one of the patentees, against Benjamin Baldwin, the other patentee, and some twenty sub-purchasers under him, for a partition of the land in controversy, which had been sold by the Indian reservee, to said Nelson A. Crawford and one Robert G. Hayden, the latter of whom assigned his interest to Baldwin, before the issuance of the patent. The defendants, in their answers, insist that they were *bona fide* purchasers without notice; that they held exclusive adverse possession of the land for many years, and so held at the time of the execution of the deed from Crawford to plaintiff, and that said deed is void by reason thereof. They also insist, that they have without notice, made valuable improvements on the land, &c. In respect to these matters of defence, the testimony of a witness, Bird Fitzpatrick, fully sustained the answers, but it was objected to on the ground of interest, he having once owned a part of the land, which he had sold to some of the defendants, as he stated in his deposition, under quit claim deeds, which were not produced on the hearing of the case. The remaining facts, if more are necessary for an understanding of the points involved, may be found in the opinion of the court. The decree of the chancellor, dismissing the bill, is now assigned as error.

COCKE, McLESTER and RICE, for plaintiff in error.

1. This case is within the jurisdiction of a court of chancery. Deloney v. Walker, 9 Por. 498; Overton v. Woolfolk et als. 6 Dana, 374.

2. If the bill, on its face, is not obnoxious to a demurrer, the demurrers must be wholly disregarded—they can derive no aid from the answers. Story's Eq. Pl. § 647; 6 Paige, 570; 4 Young's Rep. 424.

3. The defendants have neither in their answers, nor by plea, sufficiently set up the defence of an adverse possession,

to avoid the deed under which the plaintiff claims.—1. An answer must disclose a defence, in terms sufficiently clear and unambiguous, to enable the complainant to understand the particular defence he has to meet; and a defendant cannot avail himself of any defence not stated in his answer, or use the matters stated, to sustain a different defence from that to which he himself has applied them. 2 Daniell's Ch. Pr. 814, 815; Catterlin v. Hardy, 10 Ala. 511; Strange v. Watson, 11 Ib. 324. 2. The requisites of a plea must be complied with, when the defence is incorporated in the answer. Snelgrove v. Snelgrove, 4 Desaus. 286. 3. In a plea in equity, there must be the same strictness as in a plea at law —not in form, but in substance. Story's Eq. Pl. § 658, and notes; 1 Bland. 280. 4. A plea should be direct and positive, and not state matters by way of argument, inference and conclusion. Hardman v. Elles, 5 Sim. 640; s. c., 2 My. & K. 732. 5. Tested by these principles, the answers do not sufficiently set up the defence.

4. Bird Fitzpatrick, the only witness by whom the defence is attempted to be sustained, is incompetent from interest, and his testimony must be excluded. The Bank of Norfolk v. Holman et als. 12 Ala. 369.

5. A possession, to be adverse, so as to avoid the deed of the claimant out of possession, must be—1. Under claim or color of title. Badger v. Lyon, 7 Ala. 564; Jackson v. Vermilyea, 6 Cow. 680; Rogers v. Hillhouse, 3 Conn. R. 403; Tasker v. Whittington, 1 Har. & McH. 151; Borrets v. Turner, 2 Hayw. 114; Ib. 336; Innis v. Miller, 10 Mart. 292. 2. Under a title, *prima facie* good in contemplation of law. Jackson, &c. v. Frost, 5 Cow. R. 346; Francoise v. De la Ronde, 8 Mart. 619; Bonne et al. v. Powers, 3 Mart. (N. S.) 458. 3. Under a *bona fide* claim of the entire title. Brown v. Lipscombe, 9 Por. 478; Hinton v. Nelmes, 13 Ala. 222; Livingston v. Penn. Ir. Co. 9 Wend. 511; Swartout v. Johnson, 5 Cow. 92; Innis v. Miller, *supra;* 1 Hayw. 180, 249, 320; 1 Burr. 224; 2 Vesey, sr. 156. 4. Under an independent and inconsistent title. Adams on Eject. 47; 2 Esp. 434; Co. Litt. 242, 296; 2 Story's Eq. § 1048, note 3; 2 Cruise's Dig. 337, § 62, 64; Ib. 357, § 14 to 21; Vaux, ex'r, v. Nesbitt, 1 McC. Ch. 352; Caruthers v. Dunning's

Les. 3 Serg. & R. 386; Ricard v. Williams, 7 Wheat. 107; 1 Marsh. 506; 2 Greenl. 242; Ib. 400; 5 Cow. 92; 12 East, 141; 1 Car. & P. 130; 6 Mart. 410; 12 Mass. 327; 9 Johns. 179; 10 Ib. 435; 13 Ib. 116; 20 Ib. 301; 5 Cow. 350; 3 Wend. 149; 4 Wheat. 213; 3 Des. 408; 3 Murp. 166. 5. And, as a necessary consequence, must amount to an actual disseisin, brought home to the knowledge of the disseisee. 2 Smith's Lead. Cas. 378, 379, 380; 383, note; 396, note; 465, 466; 6 Ala. 230; Brown v. Lipscombe, *supra;* Verdier v. Simmons, 2 McC. Ch. 385; Blue v. Sayre, 2 Dana, 213; Sessions v. Reynolds, 7 S. & M. 130; Pray v. Pierce, 7 Mass. 381; 9 Dana, 235; 3 Greenl. 188; 3 Johns. 492; 9 Wheat. 288; 7 Wend. 53; 12 East, 154, 155.

6. Submitted to these tests, the possession of Benjamin Baldwin, and those claiming under him, if it has been proven adverse at all, was never of such a character as to avoid the deed.—1. A possession by virtue of Haden's assignment, was not under even colorable title. 2. If it was, it was not under a title *prima facie* good. Herring v. McElderry, 5 Por. 161; Clarlitko v. Elliott, Ib. 403. 3. Nor under a *bona fide* claim of the entire title : both the assignment on its face, and the testimony of Abbott, repel such an idea. 4. The title was in the government, until the approval of the contract on the 27th December, 1839, and no possession could have been adverse to it. Wright v. Swan, 6 Port. 84. 5. On the approval of the contract, that which before was a mere naked possession, became fiduciary—similar in its incidents to that of lessor and lessee, trustee and *cestui que trust*, and the same principles applied. Willson v. Watkins, 3 Peters, 51; Vaux v. Nesbitt, 1 McC. Ch. 352, 60. 6. To such a relation, the law of *champerty* and *maintenance* does not apply. 2 Story, § 1050, and note; 3 Cow. 624. At all events, without an actual disclaimer, and notice brought home to the co-tenant. See authorities cited under last clause of 5; Clymer v. Dawkins, 3 How. U. S. 674; Cloud v. Webb, 4 Dev. 290. 7. Those claiming under Benjamin Baldwin, stand in no better situation than he does. Their deeds are void. Jeffers v. Radcliffe, 10 N. Hamp. 242; Duncan v. Sylvester, 11 Shep. 482; Blossom v. Brightman, 21 Pick. 285; Peabody v. Minot, 24 Ib. 329; Mitchell v. Hazen, 4 Conn. 495; Griswold

v. Johnson, 5 Conn. 363; Jewett v. Stockton, 3 Yerg. 402. If not void, they confer no higher right. Hurd v. Cushing, 7 Pick. 169; Jackson v. Davis, 5 Cow. 123; Jackson v. Harbin, 7 Ib. 323; 1 Caines, 394; 3 Johns. 499; 4 Ib. 230; Rowletts v. Daniell, 4 Munf. 473. They are chargeable with notice of Crawford's interest, and are not *bona fide* purchasers of the entire title. Harris v. Carter, 3 Stew. 233; Graves v. Graves, 1 A. K. Marsh. 165; Thompson v. Blair, 3 Murp. 583; Chew v. Calvert, Walker's R. 54; Biscoe v. E. Banberry, 1 Chan. Cas. 287; Moore v. Bennett, 2 Ib. 246; 3 Atk. 134; Amb. 313; 2 Vent. 384; 5 Cow. 346.

7. Not being *bona fide* purchasers, they are not entitled to compensation for improvements—at least beyond the value of the rents and profits. Gillespie v. Moon, 5 Johns. Ch. 585; 8 Wheat. 1; 6 Paige, 40, 390; 1 J. J. Marsh. 404; 7 Ib. 141; 7 Dana, 177; 2 Sugden, 305, top.

J. E. BELSER, G. W. GUNN and McLESTER, contra.

1. The complainants should have established their case at law, before they applied for partition in a court of equity, under the circumstances. Phelps v. Green et al. 3 John. Ch. 302; Cart v. Pultney, 2 Atkins, 380; Bigelow v. Jones, 10 Pick. 161; Wilkins v. Wilkins, 1 Johns. C. 111.

2. The defendants claim not only through Hayden's bond, for titles for the whole land executed to Baldwin and Fitzpatrick, but also in many of the cases through warranty deeds from others. This, without notice, constitutes their possession adverse, and such purchasers will be protected. Bogardus v. The Church, 4 Paige, 178; Jackson v. Smith, 13 Johns. 406; 13 Lev. & Rawle, 356; Dexter et al. v. Nelson, 6 Ala. 68.

3. Bill for partition will not lie when defendants are in possession, and where they claim adversely in connection with their possession. Martin et al. v. Smith et al., Harp. Eq. 106; Benner v. Kennebec, 7 Mass. 475; Stew. heirs v. Coalter, 4 Rand. 74; Wilkins v. Wilkins, 1 Johns. Ch. 111; Martin v. Smith, 1 Har. Eq. 106.

4. If the defendants were in possession at the time of Abercrombie's purchase, he is a trustee for them, and his legal title will not avail him. Possession in a vendee operates as

a notice to every one, although the opposite party may be remote from the land. Scroggins v. McDougald et al. 8 Ala. 385; Nelson v. Mason, 1 Cranch, 100; Smith v. Zurcher, 9 Ala. 208; Horton v. Smith, 8 Ala. 78; Fenno v. Sayre, 3 Ala. 458.

5. If one stands by, and sees improvements put on land which he has a legal title to, he shall not be permitted to recover them, or for their value. Wendell v. Van Rensselaer, 1 Johns. Ch. R. 344; Bugert v. Boyd, 1 Story's Rep. 478; Towns v. Needham, 3 Paige, 546.

6. Purchasers for a valuable consideration without notice, and tenants in common, are entitled to pay for their improvements, in a court of equity. Bugert v. Boyd, 1 Story's Rep. 478; same v. same, 2 Ib. 605; Towns v. Needham, 3 Paige, 545; 1 Story's Eq. Jur. 672, 675.

COLLIER, C. J.—The court of chancery dismissed the bill in this cause, upon the ground that the defendants, or those under whom they claim, were in possession of the land in controversy, with "color of title," asserting *bona fide* an exclusive right, at the time the deed was executed by Crawford to the complainant; and if the decree is defensible upon this ground, we need not look further into the case.

R. G. Hayden and Nelson Crawford, are described in the patent as having purchased of the Indian reservee—holding his deed, regularly approved; Benjamin Baldwin is duly declared to be the assignee of Hayden; and the patent conveys the title of the United States to the assignee and Crawford, "and to their heirs and assigns forever." The effect of the patent, at least in this State, was to convey a joint estate, which the grantees were to hold as tenants in common. Clay's Dig. 169, § 6. Upon this hypothesis, we are to inquire whether one tenant in common can oust his co-tenant, and exclude him by any act of his own, so as to hold adversely.

It is well settled, that one tenant in common may maintain ejectment, or a similar action, against his co-tenant, if there has been an *actual ouster*. Barnitz v. Casey, 7 Cranch's Rep. 456; Chiles v. Conley, 9 Dana's Rep. 385; Carpenter v. Thayer, 15 Verm. Rep. 552; Taylor v. Hill, 10 Leigh's

Rep. 457. A tenant in common, from the nature of the estate, must, if in the enjoyment of his rights, be in the possession of the whole; consequently, the seizin of one such tenant, who admits, or does not deny, the title of his co-tenants may be considered the seizin of all. Knox v. Silloway, 1 Fairf. Rep. 201; Shumway v. Holbrook, 1 Pick. R. 114.; Barnard v. Pope, 14 Mass. Rep. 434; Poage v. Chinn, 4 Dana's Rep. 50. One tenant in common may oust his co-tenant. Hoffstetter v. Blattner, 8 Miss. Rep. 276; Mason v. Finch, 1 Scam. Rep. 495. But whether such tenant entered upon the estate, claiming an exclusive right, and ousted his co-tenant, is a question of fact. Blackmore v. Gregg, 2 Watts & Serg. Rep. 182.

In Law v. Patterson, 1 Watts & Serg. Rep. 184, it was decided that an entry upon, and possession of, the whole of the land by one tenant in common, as if it had been his exclusive property, and the receipt of the rents and profits thereof, without accounting to his co-tenant for any part thereof, or proof of a demand to do so, amounts to an actual ouster. So, an ouster will be presumed between tenants in common, in favor of one who has had peaceable possession, and received the profits for the length of time which the statute of limitations prescribes as a bar. Mehaffy v. Dobbs, 9 Watts's Rep. 363. And a tenant in common who refuses to pay rent, when demanded by his co-tenant, and claims the whole of the land, will be considered as an adverse occupant. Phillips v. Gregg, 10 Watts's Rep. 158.

A co-tenant may be ousted, by denying or resisting his right, or by excluding him from the enjoyment of the property. Bracket v. Norcross, 1 Greenl. Rep. 89; Thomas v. Pickering, 1 Shep. Rep. 337. If the tenant who is out of possession, submits to the exclusive occupancy of his co-tenant, commenced with the intent to hold in severalty, until the expiration of the period prescribed by the statute of limitations, as a bar to an action, he cannot recover. Gillaspie v. Osborn, 3 A. K. Marsh. Rep. 77. Although possession by one tenant in common, will not *per se*, constitute an adverse possession against his co-tenants; but if, by a notorious act, he claims an exclusive right, even under a void title, his pos-

session becomes adverse, and the statute of limitations will run. Jackson v. Tibbitts, 9 Cow. Rep. 241; Clapp v. Bromagham, Id. 530. A silent possession, accompanied by no act which can amount to an ouster, or give notice to his co-tenant of his intention to exclude him, will not make a possession adverse. McClung v. Ross, 5 Wheat. Rep. 116. In Willison v. Watkins, 3 Pet. Rep. 51, it was said that the relation between tenants in common, is in principle very similar to that between lessor and lessee—the possession of the one, is the possession of the other. But, if one ousts the other, or denies his tenure, his possession becomes adverse. See Weld v. Oliver, 21 Pick. Rep. 559; Booth v. Adams, 11 Verm. Rep. 156; Rains v. McNairy, 4 Hump. Rep. 356; Bullard v. Copps, 2 Hump. Rep. 409; Tillotson v. Doe, 5 Ala. Rep. 407.

It may be conceded, that the ouster of one tenant in common by his co-tenant, though it create an adverse possession, will not take from the party ejected the right of entry, so as to entitle him to maintain an ejectment, or other similar action. Midford v. Harbison, 3 Murp. Rep. 164. So, a deed by which one tenant assumes to convey the joint estate, will be void as against his co-tenant; but if the grantee go into possession under the deed, and claim an exclusive interest in the property, his possession will be adverse. Jewett v. Stockton, 3 Yerg. Rep. 492; Thomas v. Pickering, 1 Shep. Rep. 337; Duncan v. Sylvester, 11 Shep. Rep. 482; Jeffers v. Radcliffe, 10 N. Hamp. Rep. 242; Burton v. Murphy, 2 Taylor's Rep. 259; Blossom v. Brightman, 21 Pick. R. 285; Nichols v. Smith, 22 Ib. 316; Bartlet v. Harlow, 12 Mass. Rep. 348; Rising v. Stannard, 17 Mass. Rep. 282; Bigelow v. Jones, 10 Pick. Rep. 161.

This hurried view of the law, is quite sufficient to show, that the possession of one tenant in common may become antagonistic, and exclusive, and the facts abundantly show an unequivocal and notorious denial of the right of Crawford, the co-tenant, in the present case. Hayden, himself, claimed to be the sole owner of the entire half section—insisting, that he held a written relinquishment of Crawford's interest. Baldwin purchased, without any knowledge, that any one else joined with Hayden in the purchase from the reservee,

and when informed of it, was assured that his vendor had become the exclusive proprietor. Though the patent issued in the joint names of Baldwin and Crawford, the former occupied the whole tract, sold parts of it to different persons, and other portions of it were sold under executions against his estate. All the persons who claim through Baldwin, have ever since their purchases, been under the impression that their titles were good, and the most of them have erected buildings, or made other valuable improvements. Here, then, is an open and notorious repudiation of Crawford's title by Baldwin and his co-defendants, by acts the most significant—taking possession, selling and improving. If a knowledge by Crawford that he was ousted, was essential to make the occupancy of the persons in possession, adverse at the time he relinquished his right to the complainant, it will be inferred, that he was informed of it ; especially as it does not appear that he resided in the State, from the time of the purchase of Hayden and himself, until he made the deed to the complainant.

Those who claim through Baldwin, must be considered as holding adversely, if such was the character of his possession, conceding that he could not, by any conveyance known to the law, divest the title of his co-tenant. It is not indispensable to an adverse possession, that the title of the occupant be such as would be recognized. If it be colorable, and asserted *bona fide*, this, it would seem, is sufficient. A conveyance of land by one against whom it was held adversely under a claim of title, is void. Gibson v. Shearer, 1 Murph. Rep. 114 ; Martin v. Pace, 6 Blackf. Rep. 99 ; Bledsoe v. Doe, 4 How. Rep. (Miss.) 13. Such a sale, it is said, is void for all purposes—not only as against the adverse possession or title, but as between the parties themselves. Williams v. Hogan, Meigs's Rep. 187. It has been held, that if a party was in the adverse possession of part of a tract of land, when it was sold by another person to a third, by legal construction, the possession will be considered adverse to the whole tract. Mitchell v. Churchman, 4 Hump. Rep. 218.

The question of what constitutes an adverse possesion, and the effect of it upon a conveyance made by a person who claims under a superior title, to some third party, has frequent-

ly come before this court. Our decisions, as well as those by other courts, are cited, and to some extent reviewed in Hinton v. Nelms, 13 Ala. Rep. 222; it is there said, that to avoid a sale upon such a ground, it must appear there was a person in the actual possession, asserting openly and *bona fide* a claim of title, which is hostile and independent of that attempted to be conveyed. If the proofs are to be received as true, the elements of this defence are abundantly established. See also, Dexter & Allen v. Nelson, 6 Ala. Rep. 68.

Wright v. Swan, 6 Port. Rep. 84, is unlike the present. There the defendant went into possession of a tract of land, while it was the property of the United States; it was entered by a person who sold and conveyed it to the plaintiff, and the defendant, without any other pretence of title than his actual possession, insisted that he was an adverse possessor of the land, and the deed under which the plaintiff claimed, was void. This court said, there can be no entry which will create a title adverse to the government; and to constitute an adverse possession, it should be under color of title. It is not essential that the title shall be good—its validity is not the question to be examined. To hold, under the facts of the case, that the defendant is authorized to make such a defence against one claiming mediately or immediately from the United States, would overturn well established principles. If by color of title, was meant documentary proof of it, though invalid, we think it was rather too restrictive; but we incline to the opinion, that color of title was used as the synonyme of a *bona fide* claim of title. In the case at bar, both Crawford and Baldwin were in possession previous to the issuing of the patent, under evidences of title which gave them a right to occupy—the patent continued and perfected their title as tenants in common. They both claim under the certified deed of the Indian reservee and the patent, and do not deny their validity. But Baldwin, and those who deduce a title through him, insist that Crawford divested himself of the title previous to the issuing of the patent, by some act in favor of Hayden, who assigned all his interest to Baldwin. Viewed then as it may be, the case is nothing more than the ordinary one, of a tenant in common ousting his cotenant, by setting up an exclusive title.

In respect to the deposition of Fitzpatrick, by which the answer of Baldwin is supported to the full extent, it seems to us that it cannot be rejected. It does not appear that the witness was interested in the result of the suit, or that the defendant Baldwin has exhibited a bill for discovery against the complainant; the questions proposed are not leading, nor do they call for the disclosure of irrelevant facts; certainly not to the extent to which, according to the view taken of the case, it is necessary to avail ourselves of the testimony.

This view is decisive of the case, as presented, and relieves us from the necessity of considering the other questions discussed at the bar. The consequence is, the decree is affirmed.