*June Term,* 1841.

ELIZABETH A. ABELL, ADM'X.- OF BENNET ABELL, *vs.* BENJAMIN G. HARRIS.

Where the bill of exceptions stated, "that the defendant had offered evidence tending to prove, that for more than three years prior to the institution of the suit, the said H, under whom the defendant claims title, had possession of the said negro boy, claiming title to him, and that the plaintiff had knowledge of such adverse claim, for more than three years prior to the commencement of this action, though this is evidence of the adverse claim and holding of H, yet it is no evidence of the adverse claim and holding of the defendant, nor is it evidence, that the intestate of the plaintiff, who was an administratrix, had any knowledge of such adverse claim.

The mere fact of knowledge of an adverse claim by the defendant, unaccompanied by possession in him, will not operate as a bar under the statute of limitations to the plaintiff's right of action. The adverse claim must be accompanied by such an invasion of the rights of the opposite party, as to give him a cause of action, which having failed to prosecute, he is presumed to have surrendered after three years.

When a party prays an instruction to the jury, which the court refuses, but proceeds to give a direction of its own, the whole of which is incorporated in one exception, and by which it appears, that objection was taken below, only to the *refused instruction,* the subject of the court's direction, is not open upon appeal.

The refusal of the court to grant an instruction, so framed as to require the court to determine on the existence of matters of fact, of which the jury only are the proper judges, is not error.

The pendency of proceedings in equity, to vacate a bill of sale of- negroes, does not necessarily postpone the commencement of an adverse possession in the defendant, until decree passed.

In a trial at law, replication of the plaintiff's ignorance of his rights, has never been held to defeat the bar of the act of limitations.

The bar of the act of limitations, in those cases where it flows from knowledge in the plaintiff, of the adverse possession and claim of the defendant, does not at all depend upon the proof of admission of knowledge by the plaintiff, but upon the fact of knowledge to be found by the jury; so that a prayer founded on the fact, that the plaintiff had admitted knowledge to the witness, will not authorise the court to say to the jury, if so found, that the statute is a bar.

APPEAL from *Saint Mary's* County Court.

This was an action of *replevin*, brought on the 12th September 1837, against the appellee, for a negro slave boy named *John Lloyd.* The writ was returned, replevied and delivered.

The defendant below pleaded *non cepit;* property in the defendant; property in a stranger; *non cepit infra tres annos; actio non, infra tres annos.* To these pleas there were replications and issues.

FIRST EXCEPTION.—The plaintiff to support the issue on her part, first read in evidence to the jury the record of transfers and alienations of *Saint Mary's county court,* duly certified, (having first proved the destruction of the original bill of sale and record thereof by fire,) by which it appeared: *Henry Abell to Bennett Abell*—

Bill of sale 20th August 1822, for *Stephen,* a house carpenter, 45 years of age; *Nace* a blacksmith, 29 years of age; *Lewis* 25 years of age; *Basil* 18 years of age; *Jinny* 40 years of age; *Rose Ann* 18 years of age; *Lora* 8 years of age; *Emeline* 6 years old; *Alonzo* 4 years of age; *Manning* 2 years of age; *Henry* 26 years of age; *Eliza* 20 years of age. Recorded 20th August 1822.

That in 1822, *Henry Abell,* the party under whom the defendants claim title, by bill of sale in due form of law, conveyed to *Bennet Abell,* the plaintiff's intestate, negro woman *Jinny;* they then further proved that negro boy *John Lloyd* was the child of *Jinny,* born since the execution of said bill of sale; that said negro boy, the property in dispute, was in possession of the plaintiff in 1829, after *Bennet Abell's* death, and ap-

praised and inventoried as a part of his property. The defendants then offered evidence, tending to prove, that for more than three years prior to the institution of this suit, the said *Henry Abell*, under whom the defendants claim title, had possession of the said negro boy, claiming title to him, and that the plaintiff had knowledge of such adverse claim for more than three years prior to the commencement of this suit. The defendant then prayed the court to instruct the jury, that if the jury find from the evidence, that defendant or the person under whom he claims, had been in possession of the negro boy *John Lloyd* in controversy, for more than three years next before the institution of this suit, claiming title adverse to the plaintiff or her intestate, and that said adverse claim of title was known to said plaintiff for three years before the institution of this suit, then the plaintiff was barred by the plea of limitations; otherwise not. Which instruction the court (KEY, A. J.,) gave. The plaintiff excepted.

SECOND EXCEPTION.—The plaintiffs, further to support the issue on their part joined, read in evidence to the jury the bill and proceedings under it, filed by *Henry Abell* against the plaintiff in this case, (and the decree thereon.)

SAINT MARY'S COUNTY, *To wit:*—At a county court of the State of *Maryland* for the first Judicial District, begun and held at *Leonardtown*, in and for the county aforesaid, on the first Monday of March, being the second day of the same month, in the year of our Lord one thousand eight hundred and thirty-five, and the fifty-ninth year of the independence of the United States of America: PRESENT,

The Honorable EDMUND KEY, and

CLEMENT DORSEY, *Associate Judges.*

GEORGE H. MORGAN, *Sheriff.*     JO. HARRIS, *Cl'k.*

*In the record of proceedings of the said Court amongst others were the following, to wit:*

This was a bill on the equity side of *Saint Mary's* county court, brought by *Henry Abell vs. Elizabeth A. Abell,* adm'x. *Bennet Abell, Maria L. Abell, Susanna E. Abell, Mary A. Abell, Martha A. Abell, Jane A. Abell* and *Bennet R. Abell.*

47          v.11·

The object of this bill, was to vacate the bill of sale of the 20th August 1822, from the complainant *Henry*, to *Bennet Abell*, and was against his administrator and heirs. It was so proceeded in, that the following decree was passed.

This cause being ready for hearing, and being submitted by counsel, the bill, answer, exhibits and all other proceedings were by the court read and considered; it is thereupon this 11th day of March 1835, adjudged, ordered and decreed by the said court, that the bill of sale filed in this cause, dated the twentieth day of August 1822, executed by the said complainant, and conveying to *Bennet Abell* the negro slaves therein mentioned, be and the same is hereby vacated and annulled; and it is further ordered and decreed by the said court, that the said *Elizabeth A. Abell*, administratrix of the said *Bennet Abell*, deliver into possession of the said *Henry Abell*, the negro slaves in the aforesaid bill of sale mentioned, with their increase, excepting negro *Jinny* and the child sold by *Bennet Abell* in his life time; and it is further ordered and decreed, that each party pay his own costs.     EDMUND KEY.

The verdict and judgment being against the plaintiff, she brought the cause to this court by appeal.

The cause was argued before ARCHER, DORSEY, and CHAMBERS, J.

By CAUSIN for the appellant, and
By CRAIN for the appellee.

DORSEY, J., delivered the opinion of the court.

In the *first* bill of exceptions, in the record before us, the instruction asked for and granted by the court was, "that if the jury find from the evidence, that defendant or the person under whom he claims, had been in possession of the negro boy, *John Lloyd*, in controversy, for more than three years next before the institution of this suit, claiming title adverse to the plaintiff or her intestate, and that said adverse claim of title, was known to said plaintiff for three years before the institution of this suit, then the plaintiff was barred by the plea of imitations."

As far as respects the adverse holding and claim of the person under whom the defendant claims title, in the view we are now taking of the instruction, the appellant has no ground of complaint; there was ample testimony before the jury, to warrant their finding such adverse holding and claim. But the court erred, when it instructed the jury, that the statute of limitations was a bar to the plaintiff's action, if they found three years adversary possession, and claim by the defendant, because there was no testimony before them, on which such a finding could be based. The instruction complained of, is erroneous on another ground. It directs the jury that the statute of limitations is a bar to the plaintiff's recovery, if they find three years possession and claim of title, by the defendant or person under whom he claims, adverse to the plaintiff or her intestate, and that said adverse claim of title, was known to the plaintiff for three years before the institution of the suit. According to the instruction, the plaintiff is barred by the defendant's three years adverse possession and claim, in the life time of the intestate, although the intestate had no knowledge of such possession and claim; the bar being made to depend, not as it should have been, upon the intestate's knowledge, if the running of the statute commenced in his life time, but upon the knowledge of the plaintiff, who may have been a mere stranger during nine-tenths of the time, creating the bar, having no connexion with, or title to, the property in question.

The court erred in granting the instruction for another reason. The jury are instructed, that the statute of limitations is a bar, if the defendant or person under whom he claims title, had three years adverse possession claiming title, if the adverse claim of title, was known to the plaintiff for three years before the institution of the suit. Thus barring the plaintiff of his right to recover simply upon the knowledge of the adverse claim of title, unaccompanied by any possession. The principle upon which the operation of the statute of limitations is predicated, is not that the party in whose favour it is invoked, has set up an adverse claim for the period specified in the statute, but that such adverse claim is accompanied by such inva-

sion of the rights of the opposite party, as to give him a cause of action, which having failed to prosecute within the time limited by law, he is presumed to have extinguished or surrendered. A mere claim of title, unaccompanied by adverse possession, gives no right of action to the person against whom it is asserted, and consequently his rights are unaffected by the statute.

We think the court were right in refusing the plaintiff's *first* prayer in the *second* bill of exceptions. It required the court to determine on the existence of matters of fact, of which the jury only, are the proper judges. The court's refusal also of the *second* prayer in that bill of exceptions, meets our approbation, as there is no such principle or inference of law, that the pendency of the proceedings in equity referred to, necessarily postponed till after the decree, the commencement of the adverse possession of *Henry Abell.* The refusal of these prayers is the only matter appealed from in the *second* bill of exceptions. It was also argued under this exception, that the statute of limitations could be no obstacle to the plaintiff's recovery; because until after the decree of 1835, she was ignorant of her rights to negro *John Lloyd.* In answer to this novel argument, it might be replied, that we have never met with a replication in a trial at law, where the plaintiff's ignorance of his rights, has been held to defeat the bar of the statute of limitations. No such case has been referred to. If such a principle of law existed, authorities upon the subject could readily have been found.

But there are other answers to this argument. There are no facts in testimony in the cause from which either court or jury could impute such ignorance to the plaintiff; and if there were, the point not appearing to have been decided in the court below, by the act of 1825, it is excluded from our consideration.

We concur with the county court in their refusal to grant the plaintiff's prayer in the *third* bill of exceptions. The prayer calls on the court to declare the statutory bar removed, if the jury believe a fact wholly immaterial to its operation. The bar

of the statute does not depend upon the plaintiff's *admission* of knowledge of the defendant's adverse claim of title; but upon the fact to be determined by the jury, whether she possessed such knowledge, and if she possessed such knowledge, whether she ever made any admission of it or not, is wholly immaterial to the operation of the statute.

We concur with the county court in the refusal to grant the plaintiff's prayers in the *second* and *third* exceptions, but dissenting from its instruction to the jury in the *first* bill of exceptions, we reverse their judgment.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.