SAMUEL BRIDE, Appellant, *v.* WILSON WATT *et al.*, Appellees.

### APPEAL FROM HANCOCK.

The case of *Dunlap* v. *Dougherty*, 20 Ill. R. 397, reviewed and approved.

Under the ninth section of the conveyance act, the instrument relied on as color of title must purport, on its face, to convey title to the grantee.

An agreement for title, or a certificate of purchase at a tax sale, is not sufficient.

The payment of taxes and the color of title, must concur for the period of seven full consecutive years.

A subsequently acquired deed cannot relate back to and render availing, previously paid taxes by the holder of an agreement for title, or a certificate of purchase at a tax sale.

THIS was an action of ejectment, brought by the appellees

Bride *v.* Watt et al.

against the appellant, to recover the possession of the east half of south-east 20, 4 north, 8 west, in Hancock county.

By agreement, a jury was dispensed with, and the case submitted to the court, SIBLEY, Judge, presiding, for trial.

On the trial, the plaintiff below gave in evidence, a patent from the United States to Solomon Madara, dated February 14, 1818, for the south half 20, 4 north, 8 west, in the Military Tract, Illinois, and a deed from Solomon Madara to Alexander Watt, for the same land, dated May 6, 1818.

Plaintiffs then proved, that Alexander Watt died on 20th July, 1830, and that the plaintiffs (except Thomas Zebley) were his children, and only children and heirs-at-law, and that the plaintiffs, Thomas Zebley, and Sarah Ann, his wife, were married July 2nd, 1835.

The plaintiffs also proved, that in the summer of 1855, the defendant, Bride, took possession of the land in controversy, east half of south-east 20, 4 north, 8 west, and hauled some rails, and broke an acre or two thereof, and that in the fall or winter following, he had a house put up thereon, and had occupied said land ever since; and that until he took possession, said land was vacant, unimproved, and unoccupied.

Plaintiffs also proved, that in the spring of 1854, Robert Watt moved on to the south-west 20, 4 north, 8 west, and had occupied the same ever since; and the plaintiffs rested their case.

The defendant below, for the purpose of showing color of title to the land in controversy, then produced, and read in evidence, a judgment rendered by the Circuit Court of Hancock county, Illinois, at the May term, 1841, against the south half 20, 4 north, 8 west, in said county, for the tax of 1840.

Defendant also produced, and read in evidence, a certificate of purchase, issued by Samuel Marshall, clerk of the County Commissioners' Court of said county, to Samuel Chandler, in the words and figures following, to wit:

"STATE OF ILLINOIS, HANCOCK COUNTY, Office of County } Commissioners' Court, } *Carthage, May* 25, 1841. }

This is to certify, that Samuel Chandler did, on the 25th day of May, 1841, purchase at public sale, the tract, and part of tract of land described below, lying in said county of Hancock, and State aforesaid, for the taxes and costs due the said State and county, for the year 1840, viz.: Acres 80, e s, s ½ 20, 4 n, 8 w— $4.95. SAM'L MARSHALL, Cl'k C. C. C., H. C."

Defendant also gave in evidence, a receipt, indorsed upon said certificate, in the words and figures following, to wit:

"Received of Samuel Chandler, four 95-100 dollars, for the taxes on the within named land. WM. ABERNETHY, Sh'ff."

Defendant also gave in evidence, assignments and indorsement, upon the back of said certificate of purchase, in the words and figures following, to wit:

"*Warsaw, January* 1, 1842.

"I hereby assign and transfer all my right, interest and claim to within described tract of land, for value received, to William W. Reed.

SAM'L CHANDLER."

"*Green Plains, December* 22, 1842.

"I hereby assign and transfer all my right, interest and claim to the within described tract of land, for value received, to Mr. Cyril Call.

WM. W. REED."

"For value received, I assign all my right, title and interest to the within described tract of land, as specified in certificate of purchase, to John E. Johnston.

"*Nauvoo, May* 4, 1846. CYRILL CALL."

"Deed made to John E. Johnston, January 9, 1850.

"JOHN CARLIN, Sh'ff."

Defendant then gave in evidence, a deed from John Carlin, sheriff and collector of Hancock county, Illinois, to John E. Johnston, for the land in controversy, dated January 9, 1850, and made in pursuance of the sale, certificate and assignments aforesaid.

The defendant then gave in evidence, a deed for said land, from John E. Johnston to him, said defendant, Samuel Bride, dated February 7, 1851.

The defendant also proved that the said John E. Johnston paid all taxes assessed upon said land, for the years 1845, 1846, 1847, 1848, and 1849, and that defendant, Samuel Bride, paid the taxes assessed on said land, for the years 1850, 1851, 1852, 1853, 1854, 1855, and 1856; and that the taxes for 1850 were paid April 16, 1851; and that the taxes for 1854 were paid March 24, 1855.

The plaintiff then gave in evidence, a tax receipt to Robert Watt, for the taxes on said land, dated January 12, 1855.

This was all the evidence in the case; and thereupon the court decided that the evidence given by defendant, Bride, did not constitute color of title to said land—that his possession thereof was not protected by the statute of limitations—found said defendant guilty, and rendered judgment against him in favor of the plaintiffs below; and the said defendant excepted.

The appellant, who was defendant below, now assigns for error: the above-mentioned decisions of the court, and the finding and judgment thereon.

BROWNING & BUSHNELL, for Appellant.

WILLIAMS, GRIMSHAW & WILLIAMS, for Appellees.

WALKER, J.   We are asked to reverse the judgment in this case, because, as it is insisted, the appellant produced color of title, and proved payment of taxes thereunder, for seven successive years, in compliance with the ninth section of the conveyance act.   On the other hand, it is urged that a certificate of purchase of land at a tax sale, is not color of title contemplated by that section.   No question, of the sufficiency of the title adduced by appellee, to warrant a recovery, was made, if it was not barred by this section of the act.   The certificate of purchase, relied upon as color of title, was issued to Chandler in May, 1841, and was assigned by him and others, in regular succession, until it came to Johnston, in May, 1846, upon which he afterwards obtained a deed, in January, 1850.   From the time he became the assignee, in 1846, until he conveyed the premises to appellant, in January, 1850, he paid all of the taxes legally assessed upon the lands.   After his conveyance to appellant, he paid all the taxes legally assessed until 1854, one of the appellees having paid them for that year, some months previous to appellant's paying the same sum of money to the collector.   This completed the payment of all of the taxes legally assessed upon this land for the full period of seven successive years, by Johnston and appellant, the first payment having been made in 1846, for the taxes of 1845, and the last in 1854, for the taxes of 1853.   This then presents the question, whether the certificate of purchase at the tax sale, and held by Johnston as assignee, constitutes color of title within the meaning of the ninth section of the conveyance act.   This question was presented and determined, in the case of *Dunlap* v. *Dougherty,* 20 Ill. R. 397, but we are now asked to review the decision there announced.   The importance of the question as a rule of property, as well as the large amount depending upon its settlement, has induced us to carefully consider and fully review the grounds of that determination.

One of the difficulties in giving a construction to this act, is in ascertaining the sense in which the legislature has employed the term color of title, as the basis upon which the statute can operate to produce a bar to a recovery.   We are, however, aided to a limited extent, in ascertaining that intention, from the latter portion of the enacting clause of the section itself, which, by its terms, confines it to paper title.   That clause excludes all verbal agreements and equitable titles, not supported by paper or written title.   This then excludes the presumption that the legislature in employing this language, intended it to embrace color of title, in the broad sense which is necessary to define the extent and nature of a possession, relied upon to bar a recovery under the twenty years limitation laws.

Courts have held almost every description of claim in such cases sufficient for that purpose. But in those cases, the statute does not require that the entry should be made under color of title, but a mere claim of right on the part of the occupant suffices to the extent of his actual occupancy. Had the act declared, that the holder of color of title, paying taxes as required by this law, should be adjudged to be the holder of the legal title to the extent and according to the purport of his color of title, agreement for a title, or claim of title, then the act might be construed to embrace every kind of title or claim, which has been held to be color under the twenty years limitation laws ; but that construction is excluded by the terms of the act itself.

What is the purport of the certificate of purchase of land at a tax sale, or of a title based on an agreement for the purchase of land ? They do not purport to pass any title, either in fee, remainder, reversion, a term of years, or any other estate. They only purport to give the holder a right to have the title agreed to be sold, at the expiration of the time agreed upon, and upon the performance of the conditions and covenants they may contain. To confine such a title according to its purport, would only be to make the instrument valid, by curing defects which it might contain. This could not have been the intention of the legislature in adopting this enactment. It will then become necessary to ascertain what is the meaning of the term color. Stephens, in his treatise on Pleadings, 241, 2nd Lond. ed., defines it to mean, an apparent, or *prima facie* right, and refers to *Hatton* v. *Morse*, 3 Salk. 273, which fully supports the definition. Chitty Pl., vol. 1, 557, and 3 Black. Com. 309, are to the same effect. And this is the definition given by all law lexicographers. The legislature having excluded the broadest and most comprehensive sense of the term, must have intended to use it in the sense in which it is defined by these authorities, when they confine it to paper or written color of title. If so, the instrument relied upon as color must purport on its face to convey title. The deed or other instrument relied upon, must apparently transfer title to the holder. Not that the title should purport, when traced back to its source, to be an apparently legal and valid title, but the instrument under which the occupant holds, and upon which he relies, must itself profess to convey a title to the grantee. The fact, that under this section, the person relying upon the statutory bar, is required to have the color of title, while the eighth section has provided for claim and color of title, to our minds is significant in the determination of this question. In this section, no protection is given to a person having claim of title less than color.

These views do not accord with the reasoning of the court, in the case of *Woodward* v. *Blanchard*, 16 Ill. R. 424; but that decision was made in giving a construction to the eighth section of the same enactment, and while we fully concur with the decision announced, and hold that a deed similar to the one relied upon in that case, would be color of title, under either of these sections, we are of the opinion that the construction there given to the term color of title, is not the true one for the ninth section. We are therefore disposed to adhere to the construction given to this section, in the case of *Dunlap* v. *Dougherty*.

Then, as the payment of taxes was not by the person holding the color of title at the time of payment, for the period of limitation, there was not in this case such payment of taxes concurring with the color of title, as authorizes the appellant to invoke the bar of the statute, to defeat the recovery by the appellees. The payment of taxes concurred with the color of title, for the period of only four years in succession, and as the two things, color of title and payment of taxes under it, must concur for the full period of seven successive years, there was not a bar presented in this case. Nor can a subsequently acquired deed relate back to, and render availing previously paid taxes by the holder of an agreement for title, or a certificate of purchase at a tax sale. The statute can only begin to run from the day when the first payment is made under the color of title, and can only ripen into a bar at the end of seven years from that time. The payment having been by this section substituted for possession, until that occurs, there has been no act done, indicating an intention to appropriate the property to the use of the holder of the color of title, or hostile to the rights of the owner of the better title. There is no provision of the statute which authorizes the subsequent acquisition of the color of title, to draw to it payment of taxes, which were not made by the holder of color of title. Such payments do not concur with the color, but are independent of it. If such payments could be held sufficient, no reason is perceived why the payment by any other person might not be, in like manner, appropriated, and held good. But such was not, as we think, the design of the framers of this enactment.

The judgment of the court below must, therefore, be affirmed.

*Judgment affirmed.*