# Stoudenmire *et al. v.* Brown.

*Statutory Real Action in Nature of Ejectment.*

1. *Unconstitutionality of section* 87 *of Revenue Law of* 1868.—So much of section 87 of the Revenue Law of 1868 as makes a tax-deed conclusive evidence of certain facts mentioned in that section, is unconstitutional. (Reaffirming *Stoudenmire v. Brown*, 48 Ala. 699.)

2. *Same; to what extent said section inoperative.*—To the extent that such section undertook to make the tax-deed conclusive evidence, it is wholly inoperative, and fails, as to these points, to constitute it evidence for any purpose. (See *Davis v. Minge*, present term.)

3. *Tax-deed; evidence of what.*—Under these rulings the tax-deed is *prima facie* evidence of three things: *First*, that the land was subject to taxation; *second*, that the taxes had not been paid before the sale; *third*, that the land had not been redeemed from sale at the time the deed was executed.

4. *Sale of land for taxes; personalty first exhausted.*—Under the Revenue Law of 1868 there is no authority to sell land for taxes, unless it is first ascertained by reasonable search that the tax-payer's personalty is insufficient.

5. *Presumption as to collector's deed; what burden on purchaser.*—In the absence of statutory regulations, no presumptions are raised as to the regularity and validity of tax-collectors' deeds, the burden being on the purchaser to show a compliance with every material prerequisite.

APPEAL from Circuit Court of Coffee.

Tried before the Hon. J. E. COBB.

This was a suit brought by Morgan G. Stoudenmire and others against John C. Brown, for a tract of land purchased by the plaintiffs at a sale made by the tax collector on the sixth of March, 1871. The plaintiffs introduced only one witness, who testified that he, as a partner of Stoudenmire and others, purchased the lands in question at a tax sale, with the partnership funds, but took the certificate of purchase to himself

(32)

individually; that he procured the deed to said lands to be made to plaintiffs. The plaintiffs then introduced a deed to said lands, obtained under said tax sale. This was all the evidence in the case. The plaintiff requested the court, in writing, to charge the jury that if they believed the evidence, they must find for the plaintiff, which the court refused, and the plaintiff excepted. The court then, at the request of the defendant in writing, charged the jury that if they believed the evidence, they must find for the defendant, to which the plaintiffs excepted. Upon these rulings of the court the plaintiffs made their assignments of error.

J. E. P. FLOURNOY, for appellants.

W. D. ROBERTS, *contra*.

No briefs came to Reporter.

STONE, J.—1. We fully concur in, and reaffirm what was determined when this case was before this court at a former term—48 Ala. 699—that so much of section 87 of the revenue law of 1868 as makes the tax-deed conclusive evidence of certain facts, is unconstitutional and void.

2. In *Davis v. Minge*, at the present term, we took a step further, and held that to the extent that section assumed to make the deed conclusive evidence, it was entirely inoperative, and failed, as to those points, to constitute it evidence for any purpose.

3. The effect of these rulings is to leave the tax-deed *prima facie* evidence of three things, namely: *first*, that the land was subject to taxation; *second*, that the taxes had not been paid before the sale; and, *third*, that the land had not been redeemed from sale at the time of the deed. The plaintiff below—appellant here—relied alone on his deed as evidence of title; offering no proof in support of any of its recitals.

4. Section 54 of the statute under which this sale was made, provides "that where no personal property can be found, with reasonable search, the tax collector shall proceed against the real estate of any delinquent tax payer, in the manner hereinafter provided." It will thus be seen that the right to sell lands for taxes is not a primary or absolute right. There must first be reasonable search made, and no personal property found, before the right to sell land for taxes comes into exercise. Many other preliminary steps must be

[Leslie, Administrator v. Tucker, Administrator.]

taken before a sale of lands be rightfully made. No proof of any of these steps was offered in this case. No proof that the lands were assessed, or advertised for sale.

5. In the absence of statutory regulations prescribing a different rule, it has been uniformly held that no intendments will be indulged in favor of the regularity of proceedings, which culminate in a tax sale of lands. The onus is cast on ·the purchaser of proving the observance of every material prerequisite. The recitals in the deed, save of the three facts of which it is made *prima facie* evidence, as above shown, are no evidence of their truth.—See *Rivers v. Thompson*, 43 Ala. 633; Black. on Tax Titles, 84 *et seq.*; *ib.* 430 *et seq.*; ·Cooley on Taxation, 307, 324–5, 356.

The present record informs us that it contains all the evidence given in the cause, and there is an entire absence of proof on many of the most material inquiries which were raised by the issue. The court did not err in instructing the jury, if they believed the evidence, to find for the defendant.

Affirmed.