## SAME V. SAME.

1. **Tax Deed, though Void, Constitutes Color of Title.** A tax deed which purports to convey the title of real estate to the grantee constitutes color of title, although it may be void by reason of the failure to recite therein the place where the tax sale took place.

2. **Adverse Possession.** A party in the actual, open, notorious, exclusive, adverse possession of real estate for ten years thereby acquires the absolute right to the exclusive possession of the same.

3. ——: COLOR OF TITLE is not essential to adverse possession; but where a party does not enter under color of title his possession is limited to the premises actually occupied by him.

4. **Constitutional Law:** AMENDING STATUTES. The act to amend "the code of civil procedure," approved March 12, 1869, fixing the time within which an action for the recovery of the possession of real estate may be brought at ten years, is not in conflict with the constitution, and is valid.

MOTION for rehearing.

MAXWELL, J.

A motion for a rehearing has been filed by the plaintiff, accompanied by an elaborate brief, and as some of the questions raised were not discussed in the former opinion we will state our reasons for denying a rehearing.

1. The plaintiff alleges that the tax deed under which the defendants claim is void upon its face, and hence is not color of title.

To Have and to Hold said mentioned Tract or Parcel of land with the appurtenances thereunto belonging to the said party of the second part, in as full and ample manner as the said Treasurer of said County is empowered by law to sell the same.

In Witness Whereof the said Wm. A. Butler, Treasurer of said County Pawnee, has hereunto set his hand this the sixteenth day of February, A.D. 1869.

WM. A. BUTLER,

Attest:      *Treasurer of Pawnee County, State of Nebraska.*
 LOU. C. DECOUDRES,
   *County Clerk.*

In presence of        [U. S. Rev. Stamp.
 J. F. C. McCASLIN,     50 Cents Paid
 E. A. FINN.      W. A. B. Feb. 16, '69.]

THE STATE OF NEBRASKA, } ss.
  PAWNEE COUNTY.

On this Eighteenth day of February, A.D. 1869, before me, County Clerk in and for said County, personally appeared above named Wm. A. Butler and acknowledged the execution of the foregoing conveyance to be his voluntary act and deed as such Treasurer; and I further certify that I know the said Wm. A. Butler to be the identical person described in and who executed the above deed as granted, and who is Treasurer of said County of Pawnee in the State of Nebraska.

In Witness Whereof, I have hereunto set my hand and Official Seal the date aforesaid.

LOU. C. DECOURDRES,

[SEAL.]      *County Clerk, Pawnee County, Neb.*

6

In *McKeighan v. Hopkins*, 14 Neb., 361, it was held that a tax certificate was not sufficient to constitute color of title. The reason is, a tax certificate does not purport to convey title. At the most, it is evidence that the holder or his assignor purchased the real estate described therein at tax sale, and that after the time for redemption has expired if the land is not redeemed the holder will be entitled to a tax deed. An instrument to create color of title must purport to convey the title to the grantee. It is not essential that it do so, however. *Bride v. Watt*, 23 Ill., 507. A tax deed which purports to convey the title to the grantee is sufficient color of title under which open, notorious, exclusive, adverse possession for ten years will operate as a bar, and this, too, although on its face it may fail to recite the place of sale. *McGinnis v. Edgell*, 39 Iowa, 419. *Colvin v. McCune*, Id., 502. *Sutton v. Stone*, 4 Neb., 319. *Rivers v. Thompson*, 43 Ala., 633. *Elliott v. Pearce*, 20 Ark., 508. And as the defendants have been in the open, continued, and exclusive adverse possession of the premises in question for more than ten years under claim and color of title, the action of the plaintiff is barred. *Grant v. Fowler*, 39 N. H., 101. *Farrar v. Fessenden*, Id., 268. *Elliot v. Pearce*, 20 Ark., 508. *Cofer v. Brooks*, Id., 542. *St. Louis v. Gorman*, 29 Mo., 593.

2. But even if the defendants entered and retained possession of the premises without color of title, still the action is barred. A person who enters upon the land of another with the intention of occupying the same as his own, and carries that intention into effect by open, notorious, exclusive adverse possession of the premises for ten years, thereby dissiezes the owner; and this is so whether the entry and possession are contrary to the will of the owner or not, if the occupant denies the owner's title and claims the land as his own. *Hamilton v. Wright*, 30 Iowa, 480. *Close v. Samm*, 27 Id., 503. *Solberg v. Decorah*, 41 Id., 501. *Yetzer v. Thoman*, 17 O. S., 130. *Towle v. Ayer*, 8 N. H.,

57. *Melvin v. Proprietors,* 5 Met., 15. *Brown v. King,* 5 Id., 173. *Poignard v. Smith,* 6 Pick., 172. No color title is necessary to constitute an adverse holding. *Campau v. Dubois,* 39 Mich., 274. But one entering upon lands adversely, without any deed or color of title, is restricted to the land actually occupied by him, and is not entitled to go beyond the limits of his actual occupation. *Colburn v. Hollis,* 3 Met., 125. *Jackson v. Schoonmaker,* 2 Johns., 234. *Hale v. Glidden,* 10 N. H., 397. *Ferguson v. Peden,* 33 Ark., 150. *Wilson v. McEwan,* 7 Oregon, 87. *Schneider v. Botsch,* 90 Ill., 577. *Foster v. Letz,* 86 Ill., 412. *Wells v. Jackson Mfg. Co.,* 48 N. H., 491. Wood on Lim. of Actions, 514. It is impossible to harmonize the cases relating to possession without color of title. Many of the older cases, when the statute of limitations was looked upon with disfavor and regarded as a statute of presumptions, seem to hold that to constitute a valid and effectual adverse possession, the possession must have commenced under color of title. Tyler on Adverse Possession, 859; *et seq.,* and cases cited. The statute is now held to be a statute of repose, which is available against the enforcement of stale demands. *Mayberry v. Willoughby,* 5 Neb., 368. The effect of the statute is to quiet titles to real estate, by fixing a time within which the actual owner must commence his action for the recovery of the estate. If no action is commenced within the statutory period the occupier obtains an absolute right of exclusive possession of the premises, not only against the former owner but all the world. *Trim v. McPherson,* 7 Coldw., 15. *Abeel v. Harris,* 11 G. & J., 367. *Cooper v. Smith,* 9 S. & R., 26. And this rule will apply as to the land actually occupied —if the possession was adverse, whether the party held under color of title or not. As the defendants in this case were in actual adverse occupation of the entire lot for more than ten years before the commencement of the action, the action to recover possession of the lot in question is barred.

·3. In November, 1858, the code of "civil procedure" became a law in this then territory, to take effect on the first day of April, 1859. The act had a proper title, and the code as then adopted is in substance our present one. In 1866 the laws were revised, and all the general laws embodied in one bill and passed by the legislature as one act, and is known as the Revised Statutes of 1866. In this revision the code is designated "The Code of Civil Procedure." In *Miller v. Hurford*, 13 Neb., 17, 18, and 19, the question of titles of amendatory acts is considered, and it was held that the title of an act was not obnoxious to the constitution because it was to amend certain sections (naming them) of an act (giving the title and date of approval by the governor). This form of title is not as definite perhaps as could be desired, but so long as the amendments are germane to the act amended no court would be justified in holding them void. Within the limits fixed by the constitution, the legislature has the right to select such title to an act as may seem to it right and proper, and it is only when these limits are transcended that the court will declare the act unconstitutional. The amendment in this case, although general in its terms as applicable to the code, is not void. It reduced the time within which an action for the recovery of real estate may be brought to ten years, and this provision is valid and of full effect. The plaintiff's cause of action is therefore barred. A rehearing must be denied.

MOTION DENIED.

THE other judges concur.